## EDGERLY & MUSSINA *versus* BUTLER & HARRIS.

QUESTION IN THIS CASE.

*The construction of the act of 1830, for the relief of securities in Bank.*

1. The summary remedy given to parties, (bound for the payment of any bill of exchange, the property of Bank,) by the second section of the act of 1830, does not extend to ordinary business paper; but is confined alone to accommodation paper, discounted in Bank.

This was a motion made by the defendants in error, in Mobile Circuit Court.

The plaintiffs in error being indebted to Butler & Harris, drew their bill of exchange; which, after having been endorsed by the defendants in error, was discounted by the Branch Bank of Mobile; and, after protest, paid by the endorsors. The object of this motion, was to obtain against the defendants below, a judgment on summary motion, as authorised by the second section of the act of 1830—which gives that remedy to securities to paper discounted by the Bank.

The only question raised in this case, was, whether the statute extended to a bill of exchange, given to parties in ordinary business transactions, and afterwards sold to the Bank; or, whether the remedy was confined alone to paper made for the express purpose of being discounted, as accommodation paper.

*Mr. Thornton* for the plaintiff in error, and *Mr. Goldthwaite* for the defendant.

COLLIER, J.—On the ninth of March, 1835, the defendants in error issued a notice, signed by their attornies, directed to the sheriff of Greene county, requiring him to make known its contents to the plaintiffs in error, and return the same to the Circuit Court of Mobile. By the notice, the plaintiffs in error were informed, that a bill drawn by them, in favor of the defendants in error, and accepted by J. A. Torbert, payable and negotiable at the Branch of the Bank of the State of Alabama, at Mobile, had been discounted by, and become the property of the Branch Bank, before its maturity; that being unpaid at maturity, it was protested for non-payment, and notice thereof given to the plaintiffs in error. The notice sets out the amount and dates of the bill; avers its payment, by the defendants in error; and informs the plaintiffs in error, that a judgment will be moved for against them, for principal, interest, &c. on the bill.

On a motion being made for judgment, pursuant to the notice, it was agreed that the bill was given, by the plaintiffs in error, to the defendants in error, in payment for goods purchased; and was, by the latter, procured to be discounted by the Branch Bank, in the regular course of business: that the bill was not an accommodation bill; nor endorsed by the defendants in error, at the request, for the accommodation, or as sureties of the plaintiffs in error. The protest and notice, and promise to pay after suit brought, together with the certificate from the President of the Branch Bank, in due form, were all admitted.

The only question raised, is, whether the defend-

ants in error are entitled to the remedy they have adopted, for the recovery of the bill.

A solution of this question must depend upon the construction of the second section of the statute of 1830, entitled "an act for the relief of securities in Bank." So much of this section as need be noticed, is as follows: "If any person or persons who may be bound for the payment of any bill of exchange, the property of the Bank of the State of Alabama; or any of the Branches thereof, shall pay the same after it shall have been protested for non-payment, the person or persons so paying such bill, shall have the same summary remedy against the drawer, acceptor, or any previous endorser of such bill, or any one of them, as is provided by the first section of this act, in favor of the securities of notes against their principals," &c. &c.

By the first section of the act, it is enacted, that if any person who has executed any note as security, payable to the President and Directors of the Bank of the State of Alabama, or any of its Branches, shall have paid the same, he or they shall have the same summary remedy against his principal, as is provided by law for the collection of debts in favor of the Bank.

The title of the act indicates, in express terms, its object; and by the language employed, it is sufficiently shewn, that it extends only to those who have voluntarily become the debtors of the Bank, or its Branches, and not to a bill made in the ordinary course of business, which the holder, without the consent of the parties to it, has procured to be discounted.

If a bill be made expressly for the purpose of being offered for discount to the Bank, or one of its

EDGERLY & MUSSINA *vs.* BUTLER & HARRIS.

Branches—if discounted, and paid after protest fo[r] non-payment, the drawer, acceptor, or prior endor sers, would be liable, under the second section of the statute, to the person paying it.    And that it is only to such a state of case, that this section is applicable, is manifest from the reading of the entire act.

It is conceded, in the facts agreed, that the bill, which the defendants in error have paid, was drawn in the regular course of business, and received by them in payment for goods sold to the plaintiffs in er- ror.    Here, the plaintiffs have never expressly assent- ed to become the securities for the defendants, to the Branch of Mobile, but are only made such by the operation of law, upon the purchase of the bill.— Such a case cannot be reached by the statute.    But once establish a contrary construction, and the banks, if they have the means, and are willing to purchase, will become the holders of much the larger amount of paper in our towns, where they are located.    The inducement to a creditor to sell his notes to the bank, would be too great for him to resist, *especially* if he distrust the promptness of his debtor.    He will sell his note or bill to the bank, pay it himself immedi- ately after protest for non-payment, and avail himself of the summary remedy.    The money he receives from the bank will enable him to meet it, and the in- terest he pays for a short time, even if the money re- main in his hands, unemployed in the *interim,* will be inconsiderable.

As, in our opinion, the second section of the sta- tute does not extend to ordinary business paper, but only to accommodation paper, discounted by the Bank, or its Branches, the judgment of the Circuit Court below, must be reversed.